Commonwealth *v.* Meckes, Appellant.
Commonwealth *v.* Meckes, Appellant.

Argued March 3, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, RHODES and HIRT, JJ.

*James C. Scanlon,* with him *Forrest J. Mervine,* for
appellants.

*Fred W. Davis,* District Attorney, for appellee.

OPINION BY RHODES, J., April 18, 1941:

The only matter we need consider in this appeal is
the validity of the proceedings in the court below, in-
volving as they do a certiorari from the court of quarter
sessions to a justice of the peace. This is determined
by article 5, §10, of the Constitution of Pennsylvania,
PS Const. art. 5, §10, which reads as follows: "The
judges of the courts of common pleas, within their re-

spective counties, shall have power to issue writs of certiorari to justices of the peace ,and other inferior courts not of record, and to cause their proceedings to be brought before them, and right and justice to be done." This section is the only constitutional authority existing in this state for issuing such writs of certiorari, excepting that possessed by the Supreme Court under article 5, §3, of the Constitution, PS Const. art. 5, §3. It is therefore clear that the court of quarter sessions had no jurisdiction upon a certiorari to review the proceedings of the justice of the peace in the present case; and no act of assembly could confer power on that court to issue such a writ. In so far as section 1210 of the Act of June 3, 1937, P. L. 1225, 34 PS §1311.1210, may attempt to empower the court of quarter sessions to issue writs of certiorari to justices of the peace or other inferior courts not of record, it is unconstitutional.[1] Apparently misled by this section of the Act of 1937, defendants removed the proceedings pertaining to their summary conviction from the justice of the peace into the court of quarter sessions by certiorari, their petition for the writ having been granted by that court. After argument on defendants' exceptions, the court below dismissed the writ of certiorari, and affirmed the judgments of the justice of the peace. Defendants then appealed to this court.

Defendants were convicted in a summary proceeding before a justice of the peace for a violation of section 706 of the Game Law of June 3, 1937, P. L. 1225, 34 PS §1311.706. Each was fined $100 and costs.

The Commonwealth for the first time has here raised

---

[1] "Any person convicted of violating any of the provisions of this act may enter into good and sufficient recognizance to pay the fine imposed and costs within a period of ten days after the date of his conviction, or may certiorari or appeal the proceedings within five days after such conviction to the court of quarter sessions of the county in which convicted."

the question of jurisdiction of the court below. The writ of certiorari having been issued from the court of quarter sessions, the proceedings in that court were void ab initio for defect of authority to issue such a writ to a justice of the peace, and to review the proceedings thus brought before it. See *Commonwealth v. Barnett,* 199 Pa. 161, 177, 48 A. 976. It is never too late to challenge a court's jurisdiction in such a matter. *Musselman's Appeal,* 101 Pa. 165, 169; *Simpson's Estate,* 253 Pa. 217, 225, 98 A. 35.

In *Commonwealth v. Benson et al.,* 94 Pa. Superior Ct. 10, at page 13, in an opinion by Judge KELLER (now President Judge), this court said: "The practice relating to (1) appeals from summary convictions, and (2) their review on certiorari is well settled. If it is desired to attack only the regularity of the proceedings before the justice or alderman, this is done by a writ of certiorari to the court of *Common Pleas,* and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, depending on whether the proceedings objected to are found to be legal and regular or not, and whether they sustain the conviction or not. But if an appeal is asked for, this is directed to the court of *Quarter Sessions* and, if allowed, the case is heard de novo before a judge of that court."

Writ of certiorari and proceedings thereunder are set aside; costs to be paid by appellants.