## City of Philadelphia v. Glassman

*A. Wernick*, for City of Philadelphia.

*L. B. Schofield*, for defendant.

McDEVITT, P. J., March 31, 1948.—This comes before the court on a certiorari from a magistrate's hearing. Under an ordinance approved February 7, 1947, the resale of tickets to theatres and other places of amusement or entertainment under certain conditions was regulated and penalties imposed for violations of the regulations.

The proper procedure should have been by a summons, but in this instance the prosecution was commenced by private citizens, and on affidavits warrants of arrest were issued charging defendant with violation of the ordinance. After a hearing the magistrate fined defendant $100 and costs for each alleged offense and said fine was paid.

Subsequently defendant issued a writ of certiorari and filed exceptions in support of said writ.

There is no doubt, and it is admitted by the city, that the penal section of the ordinance provides for civil enforcement, and the magistrate had no jurisdiction to proceed against appellant by criminal process.

The proceedings should have been commenced in the name of the city and by summons, not in the name of the Commonwealth ex rel. and by warrant of arrest.

Section 7 of the ordinance reads as follows:

"Section 7   Any person who shall violate any of the provisions of this Ordinance shall be subject to a fine of $100. for each offense, recoverable with costs, together with imprisonment for 30 days if the amount of said fine and costs shall not be paid within 10 days of the imposition thereof."

There is no doubt but that an appeal from a magistrate's court when properly commenced under the provisions of said ordinance should be taken to the court of common pleas. This is best illustrated by the City Wage Tax Ordinance which proceedings were upheld in City of Philadelphia v. Cline et al., 158 Pa. Superior Ct. 179. See The City v. Duncan, 4 Phila. 145.

The proceedings before the magistrate were invalid ab initio and no subsequent act can correct it.

It is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person for a fatal deficiency appearing on the face of the record. See Mamlin v. Tener et ux., 146 Pa. Superior Ct. 593; Commonwealth v. Meckes, 144 Pa. Superior Ct. 381; Commonwealth v. Barnett, 199 Pa. 161; and Simpson's Estate, 253 Pa. 217.

The fact that appellant attended the hearing and paid his fine through ignorance of the law does not correct the error of the commencement of the proceedings.

In the various cases cited by the city the language was such that a penalty might have been enforced criminally or civilly. But in the case at bar there is only one proper way to proceed and this was not done.

The appeal has been properly taken because an appeal from a summary conviction is not a matter of right, but upon allowance of the appellate court or judge thereof upon cause shown. An appeal by certiorari is a proper procedure in a civil proceeding.

The court is not in a position to order the return of the fine and costs because they have been committed to the city treasury and the law provides another method by which this fund may be recovered.

The judgment of guilt entered by the magistrate must be reversed.