## Commonwealth v. Brenneman

*Merrill W. Kerlin,* for Commonwealth.

*John Mongioui,* for defendant.

MacPHAIL, P. J., June 10, 1971.—This case is brought to us on certiorari from proceedings before a justice of the peace where defendant was found guilty on a charge of speeding. It appears that the timing was by radar equipment.

Defendant contends that the transcript as filed is fatal because it fails to set forth (a) the municipality and county where the offense occured; (b) that official signs had been erected indicating radar was in operation, and (c) that the type of radar apparatus used was a type approved by the secretary. A perusal of the transcript readily discloses that none of these

matters do appear therein. However, the Common-wealth contends that under the provisions of the Pennsylvania Rules of Criminal Procedure none of the above allegations need be set forth.

Rule 126(a) states, inter alia, that "the transcript shall contain all the information required to be recorded on the issuing authority's docket under Rule 125." The language of rule 125 discloses that none of the information requested by defendant is required to be in the transcript if the provisions of rule 126(a) apply to this type of certiorari proceeding. The question then is, does rule 126(a) apply to a certiorari proceeding from a *summary conviction*?

"Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section nine of this article, the judges of the courts of common pleas, within their respective judicial districts, shall have power to issue writs of certiorari to the municipal court in the City of Philadelphia, justices of the peace and inferior courts not of record and to cause their proceedings to be brought before them, and right and justice to be done": Section 26 of the Schedule to the Judiciary Article (Article V, Constitution of Pennsylvania).

From our reading of the Rules of Criminal Procedure promulgated by the Supreme Court, we find no action on their part to implement, restrict or otherwise change procedures with respect to certiorari. Moreover, it will be observed that while rule 126(a) is the only place where the contents of a transcript are in any way described, that rule specifically deals with cases "where a defendant is held for court." Section 26 of the schedule to the Judiciary Article on the other hand deals with certiorari in the same context as appeals from summary hearings on the merits. Historically, in a certiorari proceeding we are asked to

determine "from the record" whether the proceedings were regular and whether the proceedings sustained the conviction: Commonwealth v. Meckes, 144 Pa. Superior Ct. 381 (1941).

Two recent lower court cases have set aside summary judgments on certiorari without reference to rule 126. In Commonwealth v. Boulous, 50 D. & C.2d 689 (1970), the judgment was set aside on a jurisdictional question. In Commonwealth v. Rudelitch, 50 D. & C.2d 721 (1970), the judgment was set aside because evidence relating to requirements for radar arrests was unsatisfactory in the transcript.

In Commonwealth v. Zeigler, 42 D. & C.2d 668, 11 Lebanon 455 (1967), Judge Gates held that rule 126 did govern the contents of transcripts and that information included in a transcript which was in addition to the 12 requisites of Rule 125 was "surplusage." However, the case before Judge Gates was a matter where *defendant was being held over for court.* Under those circumstances, we can see no harm to defendant, since the questions normally raised by certiorari in such cases can be resolved as the proceedings advance through the court of common pleas. Moreover, rule 126(a) does seem to be restricted by its language to circumstances "where a defendant is held for court." (Furthermore, one may still inquire whether the intention of the rule is that the 12 categories of information required by rule 125 are *all* that is required.)

In the case before us, we are of the opinion that the provisions of rule 126(a) do not apply and that matters on certiorari *from a summary judgment* must be treated as heretofore. Therefore, issuing authorities are still required in such cases to set forth in the record sufficient information for the court to determine that the proceedings were regular and that they justified

the conviction: Commonwealth v. Meckes, supra, and Commonwealth v. Simons, 214 Pa. Superior Ct. 337 (1969). Where essential information is lacking in the transcript, issuing authorities now have the privilege of amending their transcripts upon application to the court under the provisions of rule 127. This certainly places the Commonwealth in a position where it cannot be prejudiced by technical objections or exceptions on certiorari. If the testimony at the hearing would warrant an amendment to the transcript to meet those objections or exceptions, an appropriate order allowing the amendment would be granted. No request for an amendment of the transcript in the within case was made, however. Instead, the Commonwealth relies exclusively upon the provisions of rule 126(a).

In cases prior to the enactment of the present Rules of Criminal Procedure, it was uniformly held that it should always appear in the record that the offense was committed within the jurisdiction of the justice of the peace: Commonwealth v. Pa. Milk Products Corp., 141 Pa. Superior Ct. 282 (1940). Furthermore, such jurisdictional facts must appear from the record; it is not enough that the information or complaint alleges that the offense occurred within the territorial jurisdiction of the justice of the peace: Commonwealth v. Pa. Milk Products Corp., supra. In the case now before us, no mention is made as to the location of the offense other than that the prosecuting officer testified that the offense occurred at "Mile Post 179 EB on the Pennsylvania Turnpike." It does not appear anywhere in the transcript that the offense occurred in Dublin Township, Fulton County, Pa. Since this exception raises the question of jurisdiction, the judgment of the issuing authority is infirm.

Furthermore, the transcript fails to state that there was testimony that official signs had been erected

indicating that radar was in operation and that the type of radar apparatus used was of a type approved by the Secretary. This is also a fatal omission from the transcript on certiorari from a summary judgment: Commonwealth v. Rudelitch, supra; Commonwealth v. Perdok, 411 Pa. 301 (1963).

In view of the above, it will be necessary to set aside the judgment of the justice of the peace.

### ORDER OF COURT

And now, June 10, 1971, the judgment of the justice of the peace in the within case is set aside. The justice of the peace is directed to return the fine and costs to defendant and the costs of the within proceeding are hereby assessed against the County of Fulton.