**Christine ANZALONE, Appellee,**

v.

**Michael VORMACK, Appellant.**

Superior Court of Pennsylvania.

Argued March 24, 1998.
Filed Sept. 3, 1998.
Reargument Denied Nov. 2, 1998.

John F. Hooper, III, Pittsburgh, for appellant.

Robert J. Taylor, Ambridge, for appellee.

Before POPOVICH, ORIE MELVIN and BROSKY, JJ.

POPOVICH, Judge:

The defendant/appellant, Michael Vormack, appeals the order dismissing his writ of certiorari for lack of a sufficient record. We affirm.

In reviewing a denial of a writ of certiorari, we may only examine the record to determine if the court had jurisdiction and the proceedings were regular. *Commonwealth v. Dortort*, 205 Pa.Super. 211, 208 A.2d 797, 800 (1965); *Commonwealth v. Meckes*, 144 Pa.Super. 381, 19 A.2d 555, 556 (1941). An examination of the record certified to this Court reveals that on February 12, 1996, the plaintiff, Christine Anzalone, filed a civil complaint against the defendant requesting judgment in the amount of $8,000. The complaint was issued by District Justice Donald L. Eiler of Beaver County. The "Service of Process" was made by Constable Robert Ehrenberg and indicated service occurred at "1:45 p.m." on "7–6–96" upon the defendant's "girlfriend" (Stacy Fuller) at the "Sunny Hill Apts, at poolside, Beaver Falls, [Beaver County,] PA". The caption of the case listed the defendant's address as "15 Sunnyhill Drive, Beaver Falls, PA 15010".

A default judgment was entered and notice was mailed to the defendant's "15 Sunnyhill Drive, Beaver Falls" address. An order of execution to satisfy the judgment was entered by District Justice Eiler on November 26, 1996. However, notice of execution was issued by Allegheny County District Justice Lee G. Peglow, who directed Constable Fred J. Taiber to satisfy the judgment by levy and sale of the defendant's property. The defendant's mailing address was listed as "800 Hawthrone Cir. Apt. # 10, Hawthorne Manor Apts., Oakdale, [Allegheny County,] PA 15071". Levy upon the defendant's 1989 Corvette was made and an execution sale was set for December 30, 1996.

On December 24, 1996, the defendant served a praecipe for a writ of certiorari upon District Justice Peglow. This stayed the sale. A "Specifications of Error" was filed in the Court of Common Pleas of Allegheny County seeking to set aside the judgment on grounds that the failure to effectuate service (in violation of Pa.R.C.P.D.J. 308) and give notice of the judgment to permit a timely appeal (per Rule 324) violated the defendant's due process rights under the Constitutions of the United States and the Commonwealth of Pennsylvania. The plaintiff countered with a praecipe to strike the defendant's writ contending it was untimely (filed beyond 30 days of judgment contrary to Rule 1009B) and that certiorari should have been filed with the Beaver County Court of Common Pleas, rather than Allegheny County, because the action was originally filed with a Beaver County District Justice.

The plaintiff's praecipe was granted but, thereafter, stricken, and the writ reinstated by the Allegheny County Court of Common Pleas before transferring the matter to the Beaver County Court of Common Pleas, wherein the writ was dismissed:

> Because the writ of certiorari issued in this case was not issued to the District Justice who entered the judgment, we shall dismiss it.
>
> Rule 1011 A of the Rules of Civil Procedure governing actions and proceedings before District Justices provides that "the prothonotary shall issue the writ [of certiorari] and direct it to the district justice in whose office the record of the proceedings

containing the judgment is filed." The judgment which the defendant would attack was entered, and "the record of the proceedings containing the judgment is filed" in the office of District Justice Eiler, in Beaver Falls, Beaver County. The writ of certiorari was directed to District Justice Peglow, in Oakdale, Allegheny County. Although the record was returned by Justice Peglow to the Court of Common Pleas of Allegheny County (and delivered to us) does contain some papers issued by Justice Eiler, it is clear that the record of the entire proceedings before Justice Eiler is not a part of the record delivered to us. Although the Court of Common Pleas of Allegheny County transferred disposition of the writ to us, based upon the record before it, neither that court nor this one has ever issued a writ of certiorari directed to Justice Eiler.

We cannot review a record which has not been placed before us, and we shall dismiss the writ.

Court Opinion, 8/13/97, at 2–3.

The defendant appeals the order dismissing his writ on the basis that:

THE COURTS OF COMMON PLEAS OF ALLEGHENY AND BEAVER COUNTIES COMMITTED AN ERROR OF LAW BY DISMISSING THE WRIT OF CERTIORARI, GIVEN [THE DEFENDANT'S] CLAIM THAT SERVICE OF THE COMPLAINT WAS DEFECTIVE AND THAT THE DISTRICT COURT LACKED JURISDICTION OVER HIS PERSON.

In support thereof, the defendant argues that the record contains sufficient proof of defective service to grant the writ and set aside the judgment.

Proper service is a prerequisite to the court's jurisdiction over the person of a defendant. *Frycklund v. Way*, 410 Pa.Super. 347, 599 A.2d 1332, 1334 (1991). If service is not properly made, in the absence of waiver of an objection to invalid service, it is irrelevant if the defendant subsequently learns (as alleged in the plaintiff's appellate brief at 7 that "Vormack specifically stated to her that he knew of the proceedings and would not show") that the Constable left a copy of the complaint at a location that was not the defendant's residence. *Martin v.*

*Gerner*, 332 Pa.Super. 507, 481 A.2d 903, 909 (1984). In determining whether proper service has been made, we require strict adherence to the rules. *Collins v. Park*, 423 Pa.Super. 601, 621 A.2d 996, 997 (1993). The rule applicable to service in this case is Pa. R.C.P.D.J. 308, which provides in relevant part:

Service of the complaint upon an individual defendant shall be made:

(1) ...

(2) by handing a copy:

(a) to an adult member of the defendant's family at his residence, but if no adult member of the family is found, then to an adult person in charge of such residence....

Under Rule 308, we need to decide whether service upon the defendant's "girlfriend" at the time and place set forth in the constable's return of service gave personal jurisdiction to the District Justice and Court of Common Pleas of Beaver County. Our Supreme Court's pronouncement in *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965) is instructive.

*Hollinger* held that, in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence. From this rule the Court did not depart in finding that, from the "uncontroverted" record, the place of service by the sheriff was not the residence or dwelling house of Rita Hollinger, the defendant. In the course of holding so, the Court explained:

The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect. However, both logic and common sense restrict the conclusive nature of a sheriff's return *only to facts stated in the return of which the sheriff presumptively has personal knowledge*, such as *when* and *where* the writ was served; when, in his official return, the sheriff states that he served a writ at a certain time and at a certain

place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend (a) *to facts stated to the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or* (b) *to conclusions based upon facts known to the sheriff only through statements made by others.* When a sheriff's return states that a certain place is the *residence* or *dwelling house* of the defendant, such statement is not a matter ordinarily within the personal knowledge of the sheriff but only a statement based upon that which he has been *told* by other persons, i.e., he had been instructed by a third person to make service at a certain place which he is *told* is the residence or dwelling house of the defendant. No sound reason exists for giving a conclusive effect to a statement or conclusion which arises not from the sheriff's own personal knowledge or observation but from information given him by other persons. In the case at bar, no attack is permissible upon the statements in the sheriff's return that he served this writ at a certain specified time at [a specified address], but the rule does not preclude an attack upon the statement in the return that [a specified address at which service was made], was the *dwelling house* or *residence* of Rita Hollinger.

206 A.2d at 3–4 (Emphasis in original; footnote omitted).

◼ Like a sheriff, a constable is authorized to serve a copy of a complaint filed with a District Justice anywhere in the Commonwealth. Pa.R.C.P.D.J. 307(1). A constable may also serve a writ issued by the Court of Common Pleas where the sheriff is a party and there is no coroner. *Commonwealth ex rel. Schwarz v. Schwarz*, 252 Pa.Super. 95, 380 A.2d 1299, 1302 (1977). Because of the judicial nature and role of a constable and sheriff in the effectuation of service of process before the minor judiciary, we see no reason to reserve the conclusiveness and immunity from extrinsic attack of a return of service to a sheriff only. Ergo, we deem *Hollinger* apposite to decide whether a con-

stable's return of service is immune from extrinsic attack.

◼ *Hollinger* and its progeny teach that statements in a return of service listing when and where a complaint is delivered constitute matters which are within the personal knowledge of the process server and not subject to attack. This renders the date, time and place service was made by Constable Ehrenberg conclusive and immune from assault. However, with regard to the status of the person to whom service was made being a "girlfriend" named "Stacy Fuller" and the defendant's address being "15 Sunnyhill Drive, Beaver Falls, PA", these are matters which the constable presumptively had no personal knowledge but learned via third party disclosure. As such, the defendant was not precluded from attacking such representations. *Miller v. Carr*, 221 Pa.Super. 306, 292 A.2d 423 (1972).

Here, however, the defendant did not attempt to prove through deposition, or other manner of extrinsic attack, that the constable did not serve his "girlfriend" at his "Beaver Falls" address. Defendant simply alleges that he was not served. In fact, the defendant blocked the taking of *any discovery* by obtaining a protective order prohibiting the plaintiff from "scheduling depositions of the Defendant, his fiance [*sic*], a former girlfriend, and Defendant's employer." See "Defendant's Motion For A Protective Order Pursuant To Pa.R.C.P. 4012", Paragraph 3. He may not now seek to undo that which he set in motion in the belief that merely alleging defective service of process would undermine the District Justice's and the Common Pleas Court's jurisdiction over his person and cause the dismissal of the plaintiff's complaint and accompanying default judgment.

◼ Consequently, by the purposeful act of blocking an avenue to resolve the question of notice of the complaint, the defendant "has fallen short of establishing such a negative[.]" *American Express Co. v. Burgis*, 328 Pa.Super. 167, 476 A.2d 944, 950 (1984). Accordingly, the constable's return of service indicating that delivery was effected is conclusive. *Hersch v. Clapper*, 232 Pa.Super. 550, 335 A.2d 738, 741 (1975).

We affirm the order appealed, but we do so for reasons other than those advanced by the court below. *Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998)(En banc).

Order affirmed.[1]

ORIE MELVIN, J., files a Dissenting Opinion.

ORIE MELVIN, Judge, dissenting.:

I dissent. While I agree with the Majority that merely alleging defective service is not sufficient to undermine the jurisdiction of the District Justice and the Court of Common Pleas, there exists a dispute of fact concerning Mr. Vormack's residence on the date of service of the complaint. He should be given the opportunity to resolve the dispute by presentation of evidence at an evidentiary hearing.

Mr. Vormack's act of seeking a protective order prohibiting Ms. Anzalone from scheduling depositions should not preclude him from presenting evidence and testimony at a hearing. Despite the Majority's position, it is not clear that Mr. Vormack filed the protective order to prevent the resolution of the notice question. Rather, a review of the motion indicates that Mr. Vormack's grounds for prohibiting discovery were based on procedural rules which he alleges bar discovery in certain cases. Furthermore, deposition testimony is not the only avenue to resolve the question of whether service of the complaint was defective. I would reverse and remand for an evidentiary hearing to give Mr. Vormack an opportunity to establish that service was improper.

---

1. Any reference in the defendant's brief to substantiate his claim of no formal notice of suit does not rise to the level of "facts" necessary to inquire into the jurisdictional claim and must be disregarded by this Court because of the format in which raised. *Rubin v. Nowak*, 367 Pa.Super. 629, 533 A.2d 451, 453 n. 5 (1987).