**Smith v. Sperduti**

C.P. of Beaver County, no. 10257 of 1998.

*Arthur Bloom,* for plaintiff.
*Bernard C. Caputo,* for defendant.

KUNSELMAN, *P.J.,* August 5, 2005—This case presents an issue of first impression. Can an aggrieved party secure relief from a judgment of a district justice (now a magisterial district judge) by way of a writ of certiorari, claiming lack of jurisdiction over him, after the case records of the district justice have been destroyed pursuant to the record retention and disposition schedule adopted to implement Pa.R.J.A. 507(b)? This issue is presented by the following factual and procedural history.

The respondent, Frank Smith, and Erie Insurance Company filed a civil action against the petitioner, Louis Sperduti, seeking damages Smith claimed to have sustained in a motor vehicle accident allegedly caused by the negligence of Sperduti. Erie apparently has a subrogation interest in the case. The accident occurred on September 19, 1985, in the City of Aliquippa and suit was filed on April 28, 1986, in the office of District Justice Peter J. Loschiavo. District Justice Loschiavo entered judgment by default on May 20, 1986, in favor of Erie Insurance and Smith and against Sperduti in the amount of $3,236.09. A certified copy of this judgment was filed with the prothonotary of Beaver County on June 26, 1986, at no. 785 of 1986 DSB.

Both the original process issued by District Justice Loschiavo and the notice of judgment by the prothonotary of Beaver County were mailed to Sperduti at 100 Grand Avenue, Aliquippa, PA. The prothonotary of Beaver County mailed a certification of the nonpayment of

the judgment to the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing on October 17, 1986. (See record of proceedings at no. 785 of 1986 DSB.) That agency suspended Sperduti's operator's license, effective January 9, 1987, for nonpayment of the judgment. Notice thereof was mailed to Sperduti on December 5, 1986. Although the address to which the notice was mailed is unknown, the records of the bureau indicate that Sperduti's operator's license was received by the bureau on January 19, 1987. (P. 3, exhibit G to Sperduti's brief filed May 26, 2005.)

Thereafter, nothing occurred until February 18, 1998, when Sperduti, pro se, filed a praecipe for a writ of certiorari directed to District Justice, now Magisterial District Judge, James F. DiBenedetto. (The former District Justice Peter J. Loschiavo retired and later died. James F. DiBenedetto was elected to replace him.) The praecipe claimed lack of jurisdiction over Sperduti and such gross irregularity of procedure as to make the judgment void. The writ was issued the same day and, on February 19, 1998, District Justice DiBenedetto filed a return of the writ in which he reported that the records in the case had been destroyed after seven years. The only record remaining was a "Civil case progress record," a copy of which was forwarded in further response to the writ. That record is in the nature of docket entries and discloses the docket number, the names of the plaintiff and the defendant, the date filed, a code for "action in trespass," the filing costs, the dates of hearing and judgment and, under "comments," "Def. Jud." No other record was available to submit in response to the writ of certiorari, in-

cluding, significantly, the type and manner of service of process.

After the writ was returned, Sperduti did nothing until January 26, 2005, when Sperduti, through counsel, presented a petition to open or strike judgment to the court. That petition was filed at the same number as had been given to the praecipe for writ of certiorari instead of no. 785 of 1986 DSB. On the same date, the court issued a rule in accordance with Pa.R.C.P. 206.5, directing that an answer be filed, depositions be taken and scheduling argument thereon for April 26, 2005. Argument had to be rescheduled and was held on June 2, 2005. At that time, we improvidently treated Sperduti's petition as a petition for leave to appeal nunc pro tunc from the judgment of the district justice. We now recognize our error and will treat Sperduti's petition as exceptions or specifications of error to the record of District Justice Loschiavo.

In his petition, Sperduti alleges the following: He was not involved in the motor vehicle accident upon which Smith's suit was based; he was never served with a copy of the complaint; he never received notice of the hearing before District Justice Loschiavo or the judgment entered by him; at the time the suit was instituted, he did not reside at either address listed on the police accident report; and he did not learn of the judgment until 1997 when he attempted to renew his drivers' license.

The Rules of Civil Procedure governing actions before district justices authorize an aggrieved defendant to file a praecipe for a writ of certiorari claiming that the judgment should be set aside for several reasons: lack of

jurisdiction over the parties or the subject matter; improper venue, or such gross irregularity of procedure as to make the judgment void. See Pa.R.C.P.D.J. 1009(A). That rule goes on to provide

"If lack of jurisdiction over the parties or the subject matter is claimed, the praecipe may be filed *at any time after judgment.* Otherwise, it shall be filed within 30 days after the date of the judgment." Pa.R.C.P.D.J. 1009(B). (emphasis added)

This rule codifies decisional law that a time limit prescribed for the issuance of a writ of certiorari to a judgment of a former justice of the peace does not apply to a judgment which is void for want of jurisdiction. *Atkins v. Flaherty,* 189 Pa. Super. 550, 152 A.2d 280 (1959). That case also announced the rule that, on a writ of certiorari, the court is bound by the facts as set forth in the transcript and cannot consider other testimony. 189 Pa. Super. at 550, 152 A.2d at 281.

If we were limited to the rule in *Atkins v. Flaherty, supra,* both parties and the court would be in a dilemma. This is for the reason that, because the record of the district justice had been properly destroyed by the time the praecipe for the writ of certiorari was filed, there is no record for us to review. Thus, there is seemingly irreconcilable conflict between Pa.R.C.P.D.J. 1009(B), which permits a praecipe for a writ of certiorari anytime after judgment where lack of jurisdiction is claimed, and the record retention and disposition schedule of our Supreme Court. Our choices would be limited to a quashing of the writ as untimely filed, notwithstanding Pa.R.C.P.D.J. 1009(B) because there is no record to review.

However, in a more recent opinion, our Superior Court has modified the rule of *Atkins v. Flaherty,* sub silentio. In *Anzalone v. Vormack,* 718 A.2d 1246, 1249 (Pa. Super. 1998), the Superior Court observed that an extrinsic attack on the constable's return of service can be made, restricted to those facts in the return that are matters of which the constable presumptively had no personal knowledge. In other words, evidence can be produced to attack the record as to matters not within the personal knowledge of the process server. Thus, if appropriate to do so, we can consider evidence beyond the record of the district justice to determine the issue with regard to those facts not within the personal knowledge of the district justice. The record of the judgment at no. 785 of 1986 DSB establishes that the district justice had mailed a copy of the complaint to Sperduti by certified mail.

As we observed hereinabove, the original process was mailed to Sperduti. In this connection, the district justice is authorized to serve original process by certified or registered mail when such service is permitted by the rules. Pa.R.C.P.D.J. 307(3). The Civil Rules Governing Practice before a District Justice authorize service by mail. Rule 308 provides:

"Service of the complaint upon an individual defendant shall be made: . . .

"(3) by mailing a copy to the defendant. The return receipt card for certified or registered mail shall be marked 'Restricted delivery,' and the return receipt shall show the signature of the defendant or an agent of the defendant authorized in writing to receive his restricted delivery mail. If the signature on the return receipt is

that of a person other than the defendant, it shall be presumed, unless the contrary is shown, that the signer was an agent of the defendant authorized in writing to receive his restricted delivery mail." Pa.R.C.P.D.J. 308(3).

Because we had issued a rule to show cause under Pa.R.C.P. 206.5, the parties took the deposition of Sperduti. In addition, counsel for both parties have attached exhibits to the deposition, to their pleadings and to their briefs. From that record, we are able to conclude the following: On April 28, 1986, District Justice Loschiavo mailed a copy of the complaint to Sperduti by certified mail to one of his addresses listed on the police accident report, which was identified as a "new address," 100 Grand Avenue, Aliquippa. We do not know whether the return receipt card was marked "Restricted delivery" or whether Sperduti or someone else signed the return receipt. Sperduti claims to have been residing at 813 Mac Arthur Drive, Pittsburgh, PA 15228 at the time the complaint was filed and mailed in April 1986. However, his date of birth and operator's license number were correctly recorded on the police accident report, as well as his "new address." In addition, he received the notice of suspension for nonpayment of the judgment from the Bureau of Drivers' Licensing because he surrendered his license to the bureau on January 19, 1987.

Thus, Sperduti had knowledge that a judgment had been entered against him long before the records of that judgment were destroyed. Yet he did nothing to investigate and contest that judgment until long after the records were destroyed. Had he done so, the court could then

have determined from the record whether or not he had been properly served. Because of his failure in this regard, the equities do not run in his favor. If it was clear that Sperduti did not and could not have known about the judgment, we would conclude otherwise.

Because of the peculiar facts of this case, we conclude that, by his inaction, Sperduti has waived the right to contest jurisdiction. It is now almost 20 years since the accident occurred and over 19 years since the judgment was entered. The district justice who entered the judgment is deceased and unavailable to testify as to the service of process, even if he could remember. The investigating police officer, if still available, undoubtedly could not recall if Sperduti was the individual involved in the accident and had supplied the address to him. Under these circumstances, Sperduti should not now be entitled to do what he could easily have done so many years ago.

An appropriate order is attached.

## ORDER

For the reasons set forth in the attached opinion, the writ of certiorari is quashed.