J-A05043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DISCOVER CARD, ISSUER OF DISCOVER CARD, BY ITS AGENT DISCOVER FINANCIAL SERVICES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DOROTHY M. COLLINS AND DEBRA A. COLLINS | |
| APPEAL OF: DEBRA A. COLLINS | |
| | No. 1224 WDA 2016 |

Appeal from the Order July 18, 2016
In the Court of Common Pleas of Fayette County
Civil Division at No(s): 2598 of 2008 GD, No. 521 DSB 2016

BEFORE:  BENDER, P.J.E., MOULTON, J., and SHOGAN, J.,

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 20, 2017**

Debra A. Collins appeals from the July 18, 2016 order entered in the Fayette County Court of Common Pleas denying Collins' petition to strike/ open default judgment.  Because we conclude that the trial court applied the wrong standard when it denied Collins' motion to strike, we vacate and remand for further proceedings.

The trial court set forth the relevant history as follows:

Following reinstatement of the Complaint on August 19, 2009,[1] service thereof was made by Deputy Sheriff Helms

---

[1] Discover Card, Issuer of Discover Card, by its Agent Discover Financial Services, Inc. ("Discover") initially filed its complaint on August 8,
*(Footnote Continued Next Page)*

on September 2, 2009, at 204 Edison Street, Uniontown, Fayette County, Pennsylvania. Sheriff Helms filed an Affidavit of Service stating that he personally served [Collins[2]] by handing a copy to her at said address on that date. The ten day notice of intention to enter the default judgment was later mailed to [Collins'] actual address at the time, 1260 Connellsville Road, Lemont Furnace, Fayette County, Pennsylvania, on November 5, 2009. When [Collins] failed to respond, Judgment by default was entered on December 1, 2009, but no address for the notice of entry of the judgment is set forth in the docket. [Collins] claim[ed] that she did not learn of the default judgment until March 16, 2016, when she was served with the Writ of Revival[,] which had been filed two days earlier. The Writ of Revival was personally served on [Collins] at 204 Edison Street, Uniontown. She then filed the instant Petition to Strike the Confessed Judgment on April 20, 2016. A hearing/oral argument on the motion was held on June 8, 2016. The Court notes that although defense counsel stated to the Court that she was seeking only to strike the judgment, see N.T. Oral Argument/Hearing on Motion to Strike Judgment Proceedings, p. 8, she nevertheless argued relative to opening a judgment, [i]d. p. 18, and has presented a further argument regarding opening a judgment in her Brief, p. 14. The Court will thus consider the instant motion as one requesting [to] strike or, alternatively, one seeking to open the judgment.

---

*(Footnote Continued)* ————————

2008; however, the sheriff's return of service indicated "not found." The return stated that Dorothy Collins was deceased and Debra Collins had moved.

[2] While both Dorothy M. Collins and Debra A. Collins were named defendants, because Dorothy M. Collins has been deceased since 2007, the trial court referred to Debra A. Collins as "Collins." *See* Opinion and Order, 7/19/16, at 1 n.1 ("Op.").

J-A05043-17

Opinion and Order, 7/19/16, at 1-2 ("Op.").[3]

Collins raises the following issues on appeal:

[1.] Whether [the] trial court erred as a matter of law and/or abused its discretion in according the sheriff's return of September 2, 2009 indicating service at [Collins'] residence conclusive affect [sic] when the sheriff lacked personal knowledge that the individual he served was indeed Debra Collins and/or lived at the address as indicated.

[2.] Whether [the] trial court erred as a matter of law and/or abused its discretion in failing to consider and place due weight on the extrinsic evidence presented, i.e. the testimony of Debra Collins and the documentation supporting her testimony that she did not live at the address where service of her was allegedly made.

[3.] Whether [the] trial court erred as a matter of law and/or abused its discretion in denying the petition to open when [Collins] pursuant to her brief in support of the motion to strike set forth a reasonable excuse for delay, i.e. she was not served with the complaint and a meritorious defense to the action, i.e. Discover cannot support the elements of the cause of action.

Collins' Br. at 5.

Collins' first two issues relate to her petition to strike. "A petition to strike [a default judgment] does not involve the discretion of the [trial] court." **Keller v. Mey**, 67 A.3d 1, 4 (Pa.Super. 2013) (quoting **Wells Fargo Bank, N.A. v. Lupori**, 8 A.3d 919, 920 (Pa.Super. 2010)). The trial court must "look at the facts of record at the time judgment was entered" and

_____

[3] The trial court submitted a statement in lieu of a Rule 1925(a) opinion wherein it refers to its July 19, 2016 Opinion and Order as addressing all of Collins' issues.

- 3 -

grant the petition if it finds "a fatal defect in the judgment [that] appears on the face of the record." *Id.* (quoting *Wells Fargo*, 8 A.3d at 920).

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." *Id.* (quoting *Wells Fargo*, 8 A.3d at 921). "Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void." *Id.* (quoting *Wells Fargo*, 8 A.3d at 921). "Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald v. WB Public Square Assocs., LLC*, 80 A.3d 790, 794 (Pa.Super. 2013) (quoting *City of Phila. v. David J. Lane Advert.*, 33 A.3d 674, 677 (Pa.Cmwlth. 2011)).

"Among the defects that might satisfy the above standard, the foremost might be a failure with respect to service of process." *Brooks v. B&R Touring, Co.*, 939 A.2d 398, 400 (Pa.Super. 2007). This is because "in order to enter a judgment against a person, the court must first possess jurisdiction over that individual." *Id.* "In order to exercise jurisdiction over a party, that party must be served with a complaint in a manner approved by the rules of civil procedure." *Id.* at 401. We have explained: "If there is no valid service of initial process, a subsequent judgment by default must be

deemed defective. In the absence of valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him." *Id.* (quoting *U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447, 449 (Pa.Super. 1992)). Thus, "rules relating to service of process must be strictly followed." *McCreesh v. City of Phila.*, 888 A.2d 664, 666 n.1 (Pa. 2005) (quoting *Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966)).

Collins claims that the judgment entered against her was fatally defective on its face because she was not properly served in violation of Pa.R.C.P. 402(a).[4] Collins contends that while the sheriff's return of service

---

[4] Rule 402(a) states:

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a).

indicates that she was personally served at her "current address," 204 Edison Street, Uniontown, Pennsylvania ("Edison address"), that was not possible because she has not lived at this address since 1985 and because she was at work at the day and time service was completed. Further, she claims that Discover knew that she did not reside at the Edison address because the sheriff's August 27, 2008 return of service stated that she had moved and because in November 2009, Discover sent its "Important Notice of Default" to her present address, 1260 Connellsville Street, Lemont Furnace, Pennsylvania ("Connellsville address").

Generally, "in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence."[5] ***Hollinger v. Hollinger***, 206 A.2d 1, 3 (Pa. 1965).

_____

[5] Rule 405 governs return of service and states:

> (a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.
>
> . . .
>
> (b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

Pa.R.C.P. 405(a), (b).

This rule is "based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect." *Id.* However, we have explained that

> both logic and common sense restrict the conclusive nature of a sheriff's return *only to facts stated in the return of which the sheriff presumptively has personal knowledge*, such as *when* and *where* the writ was served; when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend (a) *to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or* (b) *to conclusions based upon facts known to the sheriff only through statements made by others*. When a sheriff's return states that a certain place is the residence or dwelling house of the defendant, such statement is not of a matter ordinarily within the personal knowledge of the sheriff but only a statement based upon that which he has been *told* by other persons, i.e., he had been instructed by a third person to make service at a certain place which he is *told* is the residence or dwelling house of the defendant. No sound reason exists for giving a conclusive effect to a statement in the sheriff's return as to a fact or conclusion which arises not from the sheriff's own personal knowledge or observation but from information given him by other persons.

*Id.* (emphasis in original).

In denying Collins' petition to strike, the trial court accepted as conclusive the sheriff's return in its entirety. During oral argument on Collins' petition to strike, the following exchange occurred:

THE COURT: But [the complaint] was served. The [s]heriff says it was served.

[COLLINS' COUNSEL]: I'm trying to show fraud, Your Honor, that they knew her address yet did not serve her with the complaint at her address, and she will testify –

THE COURT: Unless [the sheriff] comes in here and says I never served her, that Affidavit of Service is incorrect, it['s] on its face valid.

[COLLINS' COUNSEL]: I think it can't, the service can't be disproved by extrinsic evidence but I'm arguing there's [] fraud here, that they filed a complaint that's defective on its face, cannot be cured and that the only way to do it is serve it where they know she's not, and that's exactly what happened.

THE COURT: So you want me to find that [the sheriff] fraudulently –

[COLLINS' COUNSEL]: No.

THE COURT: – completed an Affidavit of Service.

[COLLINS' COUNSEL]: Well –

THE COURT: He says he served her.

[COLLINS' COUNSEL]: I know what he said.

THE COURT: So you want me to find that he fraudulently completed the Affidavit of Service.

. . .

THE COURT: But I also know him as a Deputy Sheriff for however many years. There's no conceivable way that I'm going to find that he falsified that Affidavit of Service.

[COLLINS' COUNSEL]: I'm not alleging that. I'm alleging that he handed it to somebody that he didn't know. The fraud is on part of [Discover].

N.T., 6/8/16, at 9-10.

Further, while the trial court permitted Collins to testify, it made clear that her testimony would not affect its determination. **See** N.T., 6/8/16, at 12, 13 ("THE COURT: Okay. I'll let you have her testify to whatever it is you want her to say but – . . . Okay. Have her say whatever you want her to say.").

As stated in **Hollinger**, the conclusiveness of a sheriff's return applies only to facts within the sheriff's personal knowledge, such as **when** and **where** service occurred. Facts not within the sheriff's own personal knowledge should not be given the same conclusive effect. **See Hollinger**, 206 A.2d at 3. In **Hollinger**, the trial court explained that a statement in the sheriff's return regarding whether a certain place was the defendant's residence was not a matter within the sheriff's personal knowledge; rather, it was a statement relayed to him by a third party. **Id.** Thus, our Supreme Court held that no conclusive effect could be given to such a statement. **Id.**

Similarly, in **Anzalone v. Vormack**, 718 A.2d 1246, 1247 (Pa.Super. 1998), service of process was made by a constable[6] and indicated that it had been served upon the defendant's girlfriend. There, we restated the holding in **Hollinger** "that statements in a return of service listing when and where a complaint is delivered constitute matters which are within the personal knowledge of the process server and not subject to attack[, which] renders

---

[6] A constable, like a sheriff, is authorized to serve a complaint. **Anzalone**, 718 A.2d at 1249.

the date, time and place service was made . . . conclusive and immune from a[ttack]." *Id.* at 1249. However, we explained that "with regard to the status of the person to whom service was made being a 'girlfriend' named 'Stacy Fuller' and the defendant's address being '15 Sunnyhill Drive, Beaver Falls, PA[,']' these are matters which the [sheriff] presumptively had no personal knowledge but learned via third-party disclosure." *Id.* "As such, the defendant was not precluded from attacking such representations." *Id.*

Therefore, whether Collins was the person the sheriff served and whether the Edison address was Collins' then-current residence were not matters within the sheriff's personal knowledge and, thus, were not immune from attack. *See Hollinger*, 206 A.2d at 3; *Anzalone*, 718 A.2d at 1249. Therefore, the trial court erred in giving conclusive effect to those facts in the return and in failing to consider the testimony and other extrinsic evidence presented by Collins to rebut the validity of the return.

Accordingly, we vacate the trial court's order and remand this matter to the trial court for further proceedings.

The trial court and the parties also address whether Collins effectively filed a petition to open judgment, and if so, whether such petition should have been granted.[7] However, because resolution of the petition to open,

_____

[7] We have explained that, "[a] petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Green Acres Rehab. and Nursing Center*
*(Footnote Continued Next Page)*

assuming it was filed, may turn on the resolution of the petition to strike, we decline to address that issue at this time.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2017

---

*(Footnote Continued)* _____

***v. Sullivan***, 113 A.3d 1261, 1270 (Pa.Super 2015) (quotation omitted). While a petition to open "is an appeal to the equitable powers of the court," whose decision "we will not overturn . . . absent a manifest abuse of discretion or error of law," ***id.*** (quotation omitted), "a petition to strike a default judgment should be granted where a fatal defect or irregularity appears on face of record," ***id.*** (quotation omitted). ***See also Cintas Corp. v. Lee's Cleaning Services, Inc.***, 700 A.2d 915, 918-19 (Pa. 1997) (stating that a petition to strike does not involve the discretion of the court, rather it operates as a demurrer to the record, and "can only be granted if a fatal defect appears on the face of the record," while a petition to open "is an appeal to the equitable powers of the court . . . and will not be disturbed absent a manifest abuse of . . . discretion." Moreover, for a petition to open a judgment to be successful, "it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense.") (internal citations omitted).