J-A29039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELDORA & GARY MILES | : | |
| | : | |
| | : | No. 2902 EDA 2017 |
| APPEAL OF: MELDORA MILES | : | |

Appeal from the Order Dated July 25, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  March term, 2017, No. 0665

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 27, 2018**

Appellant Meldora Miles files this *pro se* appeal to challenge the lower court's decision to deny her petition to open/strike the default judgment entered in favor of Appellee U.S. Bank, N.A.  After careful review, we affirm.

In December 2004, Appellant entered into a mortgage with Chase Home Finance LLC with respect to a property located at 1918 East Washington Lane in Philadelphia.  By deed dated April 16, 2009 and recorded July 9, 2009, Appellant conveyed the property to her son, Gary Miles.  The mortgage was subsequently assigned to Appellee.

In July 2014, Appellee commenced a mortgage foreclosure action against Appellant and Gary Miles.  In response, Appellant and Gary Miles raised various defenses including improper service and claims questioning the validity of the mortgage itself.  The lower court ultimately granted summary

_____

*   Former Justice specially assigned to the Superior Court.

judgment in favor of Appellee. Thereafter, Appellee gained title of the property through a sheriff's sale. Appellant and Gary Miles filed a motion to set aside the sheriff's sale that was subsequently denied.

Appellee filed two ejectment actions to seek possession of the property, which is divided into a first-floor commercial space and a second-floor residential space, where Appellant and Gary Miles reside. This action and appeal relates only to the first-floor commercial space.

Appellant did not respond to the complaint seeking ejectment from the commercial space.[1] On April 5, 2017, Appellee sent Appellant notice of its intention to enter default judgment. On April 18, 2017, default judgment was entered against Appellant and Gary Miles.

Within ten days of the judgment, on April 28, 2017, Appellant and Gary Miles filed a timely Petition to Open/Strike the Default Judgment, arguing that the complaint was improperly served and that the mortgage itself was invalid. After a hearing, the lower court denied the Petition to Open/Strike the Default Judgment as well as a subsequent motion for consideration. Appellant filed this timely appeal.

In reviewing this appeal of the trial court's decision to deny Appellant's petition seeking both to open and strike the default judgment, we are mindful

---

[1] In the action that sought their ejectment from the residential floor of the property, Appellant and Gary Miles did respond by filing preliminary objections to the complaint. After the lower court eventually granted summary judgment in favor of Appellee, Gary Miles appealed to this Court. That appeal is resolved in a separate memorandum at J-A29040-18.

of the differences between these distinct remedies. With respect to Appellant's petition to open the default judgment, the following principles are applicable:

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. The standard of review for challenges to a decision concerning the opening of a default judgment is well settled.
>
> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Smith v. Morrell Beer Distributors, Inc.,* 29 A.3d 23, 25 (Pa.Super. 2011) (citations omitted). In comparison, a petition to strike a default judgment will only be granted where there is a fatal defect or irregularity that is apparent from the face of the record. *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa.Super. 2005) (citing *Erie Ins. Co. v. Bullard,* 839 A.2d 383, 386 (Pa.Super. 2003)).

While we acknowledge that Appellant is proceeding *pro se* and we will construe her brief liberally, she is not entitled to special deference as a *pro se* litigant as this Court has held that "[a]ny layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942 (Pa.Super. 2006).

Specifically, this Court will not act as counsel for the appellant. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Id*. at 942–43.

In Appellant's statement of questions involved, she lists four verbose issues for our review. In the first three issues, Appellant suggests that Appellee did not correctly file an affidavit of service of the complaint, asserting that this document should have been notarized and did not clearly show the process server's telephone number. We observe that Appellant's first three arguments were not raised before the lower court in her Petition to Open/Strike the Judgment. As such, these arguments have not been properly preserved for review as "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302.

Moreover, Appellant does not develop these vague assertions of error with any legal analysis, but baldly claims Appellee filed a false affidavit of service. As Appellant's brief does not contain any comprehensible legal discussion, Appellant's failure to develop her arguments preclude any meaningful judicial review of these issues. This Court has consistently held that "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." *In re Estate of Schumacher*, 133 A.3d 45 (Pa.Super. 2016). Accordingly, the first three issues are waived.

In Appellant's final argument, she specifically contends that Appellee failed to serve the complaint in ejectment to her correct residence; Appellant

argues that the lack of proper service is a meritorious defense entitling Appellant to open the default judgment and a fatal defect that justified striking the default judgment.

Pennsylvania Rule of Civil Procedure 402(a)(2) provides that "[o]riginal process may be served … by handing a copy… at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence." Pa.R.C.P. 402(a)(2).

In this case, Appellee filed an affidavit of service showing that an individual named Albert Carr served the original complaint in ejectment at the Property at issue on March 26, 2017 at 11:00 a.m. When Appellant and Gary Miles did not respond to the complaint, default judgment was entered. In seeking to open/strike the default judgment in this case, Appellant merely alleged that Albert Carr failed to serve her correct residence and did not provide the lower court with any documentation to support her claim that she no longer lived at the Property at issue. While a defendant may challenge the service of process by arguing that the plaintiff failed to serve his or her correct residence, the plaintiff must offer extrinsic evidence to prove such allegations. **Anzalone v. Vormack**, 718 A.2d 1246, 1249 (Pa.Super. 1998).

As a result, we conclude that the trial court did not err in finding that Appellant did not raise a meritorious defense entitling Appellant to open the

default judgment or identify a fatal defect that justified striking the default judgment.[2]

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18

_____

[2] While not included in Appellant's Statement of Questions Presented, Appellant asserts in her argument section of her brief that the individual who served the complaint in ejectment, Albert Carr, was not authorized to do so. Our rules of appellate procedure provide that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."  Pa.R.A.P. 2116.

Nevertheless, the lower court properly rejected Appellant's specific claim in her Petition to Open/Strike the Default Judgment alleging that Appellee was required to serve its complaint through a sheriff. Our rules of civil procedure allow that "[i]n an action commenced in the First Judicial District, original process may be served within [Philadelphia County] by the sheriff or a competent adult."  Pa.R.C.P. 400.1.  "Competent adult" is defined as "an individual eighteen years of age or older who is neither a party to the action nor an employee or relative of a party."   Pa.R.C.P. 76.  The trial court found that Appellant presented no evidence that Mr. Carr did not properly serve the complaint or that he was not authorized to do so.

We also note that Appellant now argues for the first time on appeal that Albert Carr was not competent to serve process as she alleges that he is an employee of Appellee.  However, Appellant did not raise this argument before the trial court, it is waived.  **See** Pa.R.A.P. 302, **supra**.