## Miller *v.* Carr, Appellant.

Argued March 21, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Franklin A. Wurman,* for appellant.

*Charles J. Bogdanoff,* with him *Gekoski & Bogdanoff,* for appellee.

Opinion by Jacobs, J., June 16, 1972:

In the present appeal the defendant-appellant raises a question of jurisdiction. Specifically, he contends that he was not properly served and therefore is not subject to the jurisdiction of the lower court. Finding to the contrary, the lower court dismissed appellant's preliminary objection, and appellant appealed pursuant to the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. We affirm.

The sheriff's return indicates that on May 27, 1969, at 10:05 a.m., a copy of the complaint was served at 623 Roxborough Avenue, Philadelphia, Pennsylvania, on an adult member of appellant's family, that the adult member resides with appellant, and that the adult member identified herself as appellant's mother. Appellant now asserts that these statements contained in the sheriff's return are untrue. He has presented deposition-evidence designed to show that a deputy sheriff served the complaint at 621 Roxborough Avenue instead of 623, that the adult served is a neighbor and friend of appellant's mother, that appellant's mother lives at 623 Roxborough Avenue but was at work when the complaint was served, and that the neighbor who was served informed the deputy of the above facts and agreed to deliver the complaint to appellant's mother when she returned from work.

The question presented on this appeal is whether the sheriff's return is immune from the present attack by the appellant. The answer comes from our Supreme Court's pronouncement in *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965). The Court therein held that, in the absence of fraud, a sheriff's return which is full and complete on its face is conclusive and immune from extrinsic attack as to facts of which the sheriff presumptively has personal knowledge. In the present case the deputy presumptively knew personally that the complaint was served at 623 Roxborough Avenue, that it was served at 10:05 a.m., that it was served on an adult, and that the adult identified herself as appellant's mother. As to these facts the sheriff's return is conclusive. What the deputy could *not* know personally was whether the adult served truthfully represented her maternal relationship to the appellant. However, while the *veracity* of such representation may be subject to extrinsic attack, appellant does not choose to attack it. Instead, he challenges its *existence*, alleging that the representation was never made. In essence, appellant attacks not the veracity of the statements made by the person served (in fact the testimony of the person allegedly served is relied upon by appellant as crucial evidence), but rather he attacks the integrity of the deputy, contending that the deputy, though fully advised that the person served was only a neighbor, nevertheless indicated in his return that she had represented herself as appellant's mother. This attack by appellant upon the deputy's integrity cannot be permitted. In fact, it is the presumption of propriety on the part of the sheriff and his deputies that forms the basis for holding a sheriff's return conclusive as to all facts of which a sheriff has personal knowledge.[1] *Hollinger, supra.*

---

[1] We note incidentally that in the event the sheriff has *not* acted with propriety, a remedy is available to the defendant: He

We conclude, then, that since the contested facts in the present case are apparently based upon the deputy's personal knowledge, and since the deputy presumptively reported these facts with propriety, his return relating thereto must be considered conclusive. When so considered it is clear that the service was sufficient under Pa. R. C. P. 1009(b)(2)(i) to bring appellant within the court's personal jurisdiction.

Appellant raises two additional jurisdictional claims. First, he argues that the service should be quashed because the sheriff's return does not specify the name of the person served, in contravention of Pa. R. C. P. 1013(b). However, the return does uniquely identify the person served as appellant's mother; this is a sufficient designation.

Second, appellant submits that at the time of service he no longer resided with his mother at 623 Roxborough Avenue and, therefore, that the service at that address was insufficient to bring him within the court's jurisdiction. On this point the lower court found as a fact that appellant resided at 623 Roxborough Avenue. This finding is amply supported by the record which reveals that appellant's automobile, which precipitated the present litigation, is titled and registered under appellant's name at the 623 Roxborough Avenue address, and that the same address is also listed on appellant's operator's license. In view of this evidence we cannot say that the lower court reached an incorrect conclusion of fact.

For the above reasons we find appellant's claims to be without merit. Additionally, we note that no substantial rights of appellant are in jeopardy, particularly since the record reveals that appellant received

---

may bring an action against the sheriff for a false return. *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965); *Morris v. Bender*, 317 Pa. 533, 177 A. 776 (1935).

actual notice from his mother of the pendency of the present litigation. The lower court was therefore authorized by Pa. R. C. P. 126 to disregard the alleged procedural defects in the interest of a just, speedy, and inexpensive determination of the present action. In such case the order of the lower court will not be reversed unless there is a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party. *C. E. Williams Co. v. H. B. Pancoast Co.*, 412 Pa. 166, 194 A.2d 189 (1963). No such injury having been shown in the present case, the lower court order dismissing appellant's preliminary objection will be affirmed.

Order affirmed.