## Bruning v. Maizite

C. *Dian Francis* and *Charles Stopp,* for petitioners.

*Mark Refowich,* for respondents.

FRANCIOSA, *J.,* July 12, 1977—This matter is before the court on defendant's objection to jurisdiction and service of process. The facts are as follows:

Defendant is a resident of the State of New York and is the guardian of three orphaned children under wills that were probated in Northampton County, Pa. in 1973. Plaintiff is a resident of Montgomery County, Pa., and is the grandmother of the three children.

On April 22, 1977, plaintiff petitioned this court for a rule to show cause why she should not be granted visitation privileges with her grandchildren. Plaintiff's attorney forwarded a copy of the rule to defendant by certified mail. An affidavit of service, containing a receipt signed by defendant, was filed of record on May 3, 1977.

With respect to the jurisdictional question,

plaintiff maintains that section 611 of the Probate, Estates and Fiduciaries Act of June 30, 1972, P.L. 508, as amended December 10, 1974, P.L. 867, 20 P.S. §711 (the Estates Act) is controlling. This section provides, in pertinent part, that:

". . . the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

". . .

"(6) Guardian of persons of minors. The appointment, control and removal of the guardian of the person of any minor.

". . .

"(8) Custody of minors. The determination of the right to the custody of a minor in connection with any proceeding for his adoption or for the appointment of a guardian of his person. . ."

Defendant, on the other hand, maintains that this proceeding is controlled by the general rule that nonresident children are not subject to this court's jurisdiction, and, therefore, we cannot determine custody matters as between the parties: Commonwealth ex rel. Graham v. Graham, 367 Pa. 553, 80 A. 2d 829 (1951).

Thus, the narrow question before us is whether the probated will, under which defendant has been confirmed as guardian, vests this court with jurisdiction over nonresident parties, who, in the absence of such a will, would clearly not be subject to such jurisdiction.

Initially, we note that section 711(6) of the Estates Act confers upon this court jurisdiction over matters concerning the control of the guardian of the person of any minor. "The word 'control' includes the meaning, 'To exercise restraint or direction upon the free action of.' Shorter Oxford En-

glish Dictionary." as quoted in In Re: Charles Mikasinovich, 110 Pa. Superior Ct. 252, 257, 168 Atl. 506 (1933).

Furthermore, "A legally appointed guardian is an officer of the orphans' court and is always under the court's control and is subject to its direction as to the person, as well as the property, of the ward." 17 P.L.E. 182, §3, and cases cited therein.

An orphans' court has the power to appoint a nonresident guardian: Kaufmann Estate, 87 D. & C. 401, 4 Fiduc. Rep. 253 (1954). Of course, such a guardian is also subject to the court's control, although we have not been able to find any reported decision in Pennsylvania on the issue on whether such control extends to visitation questions involving nonresident wards.

However, some guidance is found in Restatement 2d, Conflict of Laws, §79, which provides as follows:

"Custody of the person

"A state has power to exercise judicial jurisdiction to determine the custody, or to appoint a guardian, of the person of a child or adult

"(a) who is domiciled in the state, or

"(b) who is present in the state, or

"(c) who is neither domiciled nor present in the state, if the controversy is between two or more persons who are personally subject to the jurisdiction of the state."

It is clear that the requirements of subsection (c) have been met in the present case. Plaintiff, by commencing this suit, has submitted to the jurisdiction of this court. Defendant, by accepting the guardianship over the minor children, has likewise subjected herself to this court's continuing jurisdictional powers. Furthermore, this court

has jurisdiction over the subject matter of the litigation by virtue of section 711 of the Estates Act, as quoted above.

However, a finding that the requirements of section 79(c) of the Restatement is met does not require this court to assume jurisdiction over this matter. As the comment to this section indicates, jurisdiction need not be assumed if the forum believes that the assumption of such jurisdiction would not be in the best interests of the children involved, or that its decree would not be effective or capable of enforcement.

Our analysis satisfies us, however, that this court should entertain this suit. Under the Estates Act, we are duty bound to monitor guardians of the persons of minors.

We believe that nonresident guardians should enjoy no special exemption from this court's supervisory powers, especially in matters of high importance to the wards' immediate family members, such as visitation disputes.

Accordingly, defendant's objection to jurisdiction is dismissed.

In addition to her attack on this court's jurisdiction, defendant has questioned the validity of the service of process against her.

Service of process on nonresident guardians is governed by section 5147 of the Probate, Estates and Fiduciaries Act of 1974, 20 P. S. §5147, which provides, in pertinent part:

"Any proceeding may be brought against a guardian . . . and if he does not reside in the county, process may be served on him personally, or as follows:

" . . .

"(2) When a nonresident of the Commonwealth.

By the sheriff of the county of the court having jurisdiction of the estate sending, by registered mail, return receipt requested, a true and attested copy of the process to the Department of State, accompanied by the fee prescribed by law, and to the guardian or surety at his last known address, with an endorsement thereon showing that service has been made upon the Department of State."

It is clear that plaintiff has failed to comply with this section, inasmuch as service was not made by the sheriff upon the Department of State, nor was the petition that was served by plaintiff properly endorsed. In Croll & Keck, Inc. v. Landy, 3 D. & C. 2d 513 (1954), the court stated:

"Service upon the nonresident is effected when the copy is sent to the Secretary of the Commonwealth. The sending of a copy to the defendant is not a part of the service of the process and operates only as notice of the pendency of the action."

See also, 6 Goodrich-Amram 2d, §2079(a).

However, we fail to perceive how this technical defect has in any way prejudiced defendant, who unquestionably had personal notice of the pendency of this litigation. Thus, the situation confronting us is analogous to that of Miller v. Carr, 221 Pa. Superior Ct. 306, 292 A. 2d 423 (1972), wherein the court stated:

"Additionally, we note that no substantial rights of appellant are in jeopardy, particularly since the record reveals that appellant received actual notice from his mother of the pendency of the present litigation. The lower court was therefore authorized by Pa. R.C.P. 126 to disregard the alleged procedural defects in the interest of a just, speedy, and inexpensive determination of the present action."

638

Accordingly, defendant's preliminary objection challenging the sufficiency of the service of process is also dismissed.*

## ORDER

And now, July 12, 1977, defendant's preliminary objection in the nature of a challenge to this court's jurisdiction is denied and dismissed.

Furthermore, defendant's preliminary objection challenging the sufficiency of the service of the pleadings is also denied and dismissed.

Accordingly, defendant is ordered to file an answer within ten days of the date of this order.

The matter is set for hearing on Wednesday, July 27, 1977, at 9:30 a.m.

---

* Although Pa. R. C. P. 126 is inapplicable to the instant matter, its counterpart in Orphans' Court Practice, Sup. Ct.—O. C. Rule 21, is nearly identical in scope to Rule 126, and provides, in pertinent part, that "The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."