**Datko v. Ott**

*Walter C. Pruchnik, Jr.,* for plaintiffs.
*Dennis J. Stofko,* for defendant.
*Clyde W. Vedder,* for additional defendant.

SHAULIS, *J.,* June 6, 1983 — We now have before us additional defendant's preliminary objections.

## FACTS

This case involves the sale of a swimming pool kit to plaintiffs from defendant on or around July 15, 1981. Apparently, the liner supplied with the swimming pool kit did not fit properly onto the steel frame of the pool. Consequently, as a result of alleged breaches of warranty, plaintiffs instituted this action against defendant on December 7, 1982. Subsequently, defendant filed a complaint on March 22, 1983, whereby he attempted to join the manufacturer of the pool as an additional defendant.

## DISCUSSION

Taking the preliminary objections in reverse order, the first preliminary objection raised by additional defendant is that original defendant did not comply with Pa.R.C.P. 2253 by failing to join within

60 days of the original complaint and by failing to obtain the court's permission for late joinder.

Ordinarily such a complaint to join should be stricken off. Merle v. Everett Trucking, Inc. v. Shawley, 20 Civil 1982 (C. P. Somerset October 29, 1982). However, Pa.R.C.P. 2232 (c) provides, "At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined." Moreover, when it is in the interest of a just and speedy administration of justice to determine all rights and liabilities in one action and such joinder does not complicate the action, a court may join an additional defendant on its own motion after the period for joinder has expired. 4 Anderson Pa. Civ. Pract. §2232.8 (1983 pocket part).

The court in Marsh v. Stroud Ford, Inc., 51 D.&C. 2d 331 (1970), was faced with a similar set of facts. In that case the plaintiff brought an action against an automobile dealer for breach of implied warranty. The court, on its own motion, allowed joinder of the automobile manufacturer as an additional defendant even though the original defendant's complaint was not timely filed and original defendant did not obtain leave of court. See also: Tinari v. Peter J. Salmon Co., 79 Montg. 342 (1961). But see: Snyder v. Leinhardt, 54 D.&C. 2d (1971), where the court was aware that by Rule 2232 (c) it could sua sponte order the joinder of an additional defendant, but since the court was not requested to do so, it would not take this action absent some compelling reason.[1]

---

1. At the preliminary objections argument, original defendant requested that we order joinder pursuant to Pa.R.C.P. 2232(c) if we find that he did not follow proper procedure in joining additional defendant.

If we were to strike original defendant's complaint, we assume that he would turn around and correctly seek our approval to join pursuant to Pa.R.C.P. 2253. We feel that a manufacturer of an allegedly defective good is a proper party to include in a suit without further complicating the issues. Therefore, striking the complaint in this instance would only delay the speedy administration of justice. Thus, we must invoke Rule 2232(c) and order the joinder of additional defendant.[2]

The second preliminary objection seeks dismissal of this action for lack of proper service. Additional defendant admits that the complaint was served at its usual place of business, but it alleges that the complaint was not served upon the proper authority as set forth in Pa.R.C.P. 2180.

Original defendant did not file an answer to these preliminary objections. Normally, failure to answer is deemed an admission, and the admitted averments would negate effective service of process. Pyle v. Pennsylvania National Insurance Company, 36 Somerset L. J. 365 (1979).[3] However, in this case additional defendant did not endorse the preliminary objections with a notice to plead. Consequently, original defendant was under no duty to answer, and the averments of the objections are deemed automatically denied. See: Pa. R.C.P 1026; 2A Anderson Pa. Civ. Pract. §1026.5(a).

Normally, at this point, the instant proceedings would be at a stand still because the issue raised in

2. Compare Upstill v. Jamesway (No. 4), 33 Somerset L. J. 205 (1976).

3. See also: Koenig v. International Brotherhood of Boilermakers, 284 Pa. Super. 558, 426 A.2d 635 (1980); First National Bank v. Anderson and Hartman, 35 Somerset L. J. 23, 27-28, 7 D.&C.3d 627, 628 (1977).

the preliminary objection cannot be decided until the facts are known. Rosen v. Lufthansa German Airlines, 41 D.&C.2d 701 (1966). In other words, we cannot decide whether service was proper until we determine if the individual upon whom the sheriff served the complaint was a proper party in accordance with Pa.R.C.P. 2180.

We feel though, that in this instance we can proceed as if additional defendant was satisfactorily served with the complaint. Pa.R.C.P. 126 indicates:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Furthermore, "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." McKay v. Beatty, 348 Pa. 286, 35 A.2d 264 (1944).

With this in mind, we will overlook any defect in the service, particularly since it is quite apparent that additional defendant has actual notice of the present litigation. See: Miller v. Carr, 221 Pa. Super. 306, 292 A.2d 423 (1972).

## ORDER

Now, this June 6, 1983, the court directs, on its own motion, that Penguin Pools, Inc. be joined as an additional defendant in this case; the preliminary objections are dismissed and additional defendant is allowed 20 days in which to file an answer to original defendant's complaint.