J-A04028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CITIZENS BANK OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONG M. RIM, AS ADMINISTRATOR OF THE ESTATE OF YOUNG WOON RIM, DECEASED | |
| Appellant | No. 760 EDA 2016 |

Appeal from the Order Dated January 20, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-03289

BEFORE: SHOGAN, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:　　　　　**FILED SEPTEMBER 08, 2017**

Appellant Dong M. Rim, as administrator of the estate of Young Woon Rim, appeals from the order denying his petition to open the default judgment entered in the mortgage foreclosure action initiated by Appellee Citizens Bank of Pennsylvania. We affirm.

In 2011, Young Woon Rim mortgaged a residential property located in Ambler, Pennsylvania ("Ambler property"), for a principal amount of $228,500. Trial Ct. Op., 8/19/16, at 1. The Ambler property was later encumbered by a second mortgage owned by Nationstar Mortgage, LLC.

Young Woon Rim died in June 2014, and in July 2014, Dong M. Rim ("Rim"), was qualified as the administrator of the estate. *Id.* at 2. In his

_____

[*] Retired Senior Judge assigned to the Superior Court.

petition for probate and grant of letters testamentary, Rim verified his address as 2200 Arch Street, #907-08, Philadelphia, PA 19103 ("2200 Arch Street"). *Id.*

On January 6, 2015, as the Ambler property loan had fallen into default,[1] Citizens sent an Act 91 notice to Rim.[2] The notice was sent to 2200 Arch Street via certified mail. Trial Ct. Op. at 2.[3] Citizens received no response to the Act 91 notice.

On February 20, 2015, Citizens initiated a mortgage foreclosure action. Trial Ct. Op. at 2. On March 19, 2015, Citizens filed an affidavit stating that the complaint and notice to defend[4] were served upon Rim on March 17, 2015, at 2200 Arch Street. Aff. of Service, 3/19/15. Attached to the affidavit was a copy of the notarized return of service.[5] The return states that Rim was served at 2200 Arch Street on March 17, 2015, at 9:25 AM. It specifies that the process documents were given to the "Manager/Clerk of place of

---

[1] According to the complaint, the mortgage fell past due in August 2014. Compl., 2/20/15, at ¶ 12.

[2] The Homeowner's Emergency Mortgage Act, "Act 91," provides, among other things, that a homeowner must be notified that his or her mortgage is in default and how to contact the lender prior to the commencement of a foreclosure action. *See generally* 35 P.S. §§ 1680.402c to 1680.403c.

[3] Citizens also sent the Act 91 notice to two other known heirs of Young Woon Rim at their addresses, and a fourth notice to the Ambler property addressed to "[a]ny and all unknown heirs." Trial Ct. Op. at 2.

[4] A notice to defend advises a defendant that he or she has twenty days to respond to the complaint. *See* Pa.R.C.P. 1018.1.

[5] A "return of service" or "return of no service" specifies whether service of process was successfully made upon a defendant. *See* Pa.R.C.P. 405.

lodging in which Defendant resides." It does not state the name of the person to whom the documents were given. The return also states that on March 12, 2015, the server had attempted to serve Rim at the same location, but that "As per the Concierge the Defendant was not home." Citizens received no response to the complaint and notice to defend.

On April 8, 2015, Citizens sent Rim a notice of its intent to seek entry of a default judgment based on Rim's failure to plead to the complaint. Trial Ct. Op. at 3.[6] The notice was sent to 2200 Arch Street via first class regular mail. **See** Praecipe to Enter Default J., 4/23/15, at ¶ 4. Citizens received no response to the notice of its intent to seek a default judgment.

On April 23, 2015, Citizens filed a praecipe to enter a default judgment. Trial Ct. Op. at 3. Judgment was entered against Rim in the amount of $239,453.34, plus interest and the costs of suit. **Id.**

On June 3, 2015, Citizens filed a *praecipe* for a writ of execution, requesting a sheriff's sale of the Ambler property, which was granted. On June 16, 2015, Citizens attempted to serve a notice of sale upon Rim at 2200 Arch Street, and was informed by security personnel that Rim was no longer living there. Citizens also mailed a copy of the notice of sale to the 2200 Arch Street address.

---

[6] Notice must be given to the defendant and his or her attorney at least ten days before the plaintiff files a praecipe for entry of a default judgment. **See** Pa.R.C.P. 237.1.

Meanwhile, on June 5, 2015, Nationstar filed a complaint in mortgage foreclosure against Rim for the same Ambler property.

On September 10, 2015, Rim's counsel entered an appearance on the record. Trial Ct. Op. at 3. On October 13, 2015, Rim filed a petition[7] to open the default judgment. *Id.* The petition stated, in pertinent part:

2. Service of the Complaint was made by the sheriff's department on March 17, 2015[,] on a "manager/clerk or place of lodging in which Defendant resides" at the location of 2200 Arch Street, Philadelphia, PA 19103. A true and correct copy of the [Return of Service] is attached hereto as Exhibit "B."

3. [Rim] no longer resides at 2200 Arch Street, Philadelphia, PA 19103 nor was he personally served with a copy of the Complaint at that address.

4. Further, [Rim] does not know who was actually served and referenced in the [Return of Service] as the [Return of Service] does not contain a name of the individual served.

5. Consequently, [Rim] has never been properly served with the Complaint, Praecipe, or default filings.

6. Had [Rim] been properly served, [Rim] would have filed a response disputing [Citizens'] claims and asserting that the amounts claimed to be due were incorrect.

7. [Rim] first became aware of this suit upon the subsequent [foreclosure] action in Montgomery County [filed by Nationstar].

. . .

9. [Rim] has acted expeditiously in attempting to open the default in this matter, as [Rim] was improperly served and as a result was not aware of the litigation until after the Judgment had been entered.

---

[7] Rim's petition was styled as a motion rather than a petition. As the relief sought is typically by petition, *see* Pa.R.C.P. 237.3, we will refer to Rim's motion as a petition.

10. [Rim]'s conduct was not intended to cause unnecessary delay. Rather, he did not respond to the Complaint because it was not properly served with any of the necessary paperwork.

Mot., 10/13/15, at ¶ 2-10.

The court issued a Rule to Show Cause on October 21, 2015. Trial Ct. Op. at 3-4. The order provided Citizens with twenty days to respond to the petition to open, declared that the petition to open would be decided according to Pa.R.C.P. 206.7,[8] and instructed that discovery be completed within sixty days of Citizens' answer. *Id.*

Citizens filed a timely response and memorandum of law to the petition to open on November 10, 2015. Trial Ct. Op. at 4. Citizens denied that the service of the complaint and notice to defend had been improper and denied that Rim was unaware of the instant foreclosure action until the filing of the Nationstar foreclosure action. Resp., 11/10/15, at ¶ 2-7. Citizens pointed out that in Rim's petition to open, Rim did not technically claim that he was not a resident of 2200 Arch Street **on March 17, 2015**, the time that service was made there. *See* Mem. of Law, 11/10/15, at 6-7

---

[8] This rule governs the procedure after the issuance of a rule to show cause:

> If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

Pa.R.C.P. 206.7(c).

(unpaginated). Citizens attached multiple exhibits in support of its contention that Rim was in fact a resident of 2200 Arch Street on March 17, 2015, including the estate dockets listing 2200 Arch Street as Rim's address on December 2014 and November 2015; the certified mail receipt, dated January 6, 2015, for the Act 91 Notice, which displays Rim's signature; the Philadelphia Office of Property Assessment listing Rim as residing there as of February 19, 2015; the return of service from March 17, 2015, which indicated that on March 12, 2015, personnel at 2200 Arch Street informed that Rim was not "home" on that date; and a certification from the Postmaster of Philadelphia dated July 15, 2015, stating that there was no change of Rim's address from 2200 Arch Street.

Citizens also denied that Rim promptly filed his petition to open. Resp., 11/10/15, at ¶ 6-10. Citizens argued that even if Rim did not receive actual notice of the suit until the Nationstar action, the Nationstar action was filed on June 5, 2015, well before Rim filed the petition to open. *See* Mem. of Law, 11/10/15, at 6 (unpaginated). Citizens' counsel also averred that Rim had contacted her office by telephone on July 16, 2015, after someone from 2200 Arch Street had hand-delivered to him the June 16, 2015 notice of the impending sheriff's sale of the Ambler property. *Id.* at 3. According to Citizens' counsel, Rim indicated that he had recently moved out of the building. Counsel sent Rim a copy of the notice of sale via e-mail and Rim acknowledged receipt; a copy of the e-mail exchange was attached to

Citizens' response to the petition to open. **See** Resp., Ex. B.[9] Despite this July 2015 contact with Rim, Rim's counsel did not enter an appearance until September 10, 2015, and the petition to open was not filed until October 13, 2015. Citizens argued that under these facts, the filing of the petition to open should not be considered timely. Mem. of Law, 11/10/15, at 3, 6.

Finally, Citizens denied Rim's assertion that he had a meritorious defense to the mortgage foreclosure action, specifically a challenge to the amounts due on the mortgage. Resp., 11/10/15, at ¶ 6-7; Mem. of Law, 11/10/15, at 8-9 (citing **Landau v. Western Pennsylvania National Bank**, 282 A.2d 335, 340 (Pa. 1971), for the proposition that "[t]he entry of summary judgment is appropriate even if the mortgagor has not admitted in his answer that the total amount of the indebtedness as pled in the foreclosure complaint is correct"). Citizens also complained that Rim had not attached to his petition to open a verified copy of his prospective answer to the mortgage foreclosure action setting forth his defenses, in contravention

---

[9] Counsel also requested a new mailing address from Rim, which Rim provided; however, when Citizens attempted to send the notice of sale there, it was returned. Citizens attempted service at the new address on August 29, 2015, but the return of no service stated that service was not possible because the building at that address was "vacant and in the process of being rehabilitated." Citizens attempted to verify this new address with the postmaster on August 27, 2015, but the postmaster responded on September 3, 2015, that no such address existed.

of Pa.R.C.P. 237.3.[10] Mem. of Law, 11/10/15, at 8. According to Citizens, this flaw was fatal to Rim's petition.

Neither party conducted discovery regarding the allegations in the petition to open. Subsequently, on January 20, 2016, following argument, the court denied the petition. Trial Ct. Op. at 4. Rim filed a timely notice of appeal and has raised the following issues:

> 1. Whether the trial court erred in denying [Rim]'s Petition to Open the Default Judgment because the Complaint was not properly served on [Rim] pursuant to the Pennsylvania Rules of Civil Procedure[.]
>
> 2. Whether the trial court erred in [] determining that [Citizens] properly made service upon [Rim] in the manner proscribed by Pa.R.C.P. 402, by handing a copy of the complaint at the former residence of [Rim] to the clerk or manager of the apartment house.
>
> 3. Whether the trial court erred in denying [Rim]'s Petition to Open because [Rim] had a reasonable excuse for its delay in filing the petition, as he did not become aware of the underlying

---

[10] The relevant portion of the rule states:

> (a) A petition for relief from a judgment . . . of default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, or answer which the petitioner seeks leave to file.
>
> (b) . . .
>
> > (2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa.R.C.P. No. 237.3.

matter until [he] was put on notice of a second mortgage foreclosure action[,] since he was not served.

4. Whether the trial court erred in denying [Rim]'s Petition to Open because [Rim] had a meritorious defense to the allegations in the underlying complaint.

Rim's Brief at 3 (suggested answers omitted).

Our standard of review follows:

When reviewing a trial court's disposition of a petition to open a default judgment, the appellate court must examine the entire record for any abuse of discretion, reversing only where the trial court's findings are inconsistent with the clear equities of the case. Moreover, this Court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. Where the trial court's analysis was premised upon record evidence, where its findings of fact were deductions from other facts, a pure result of reasoning, and where the trial court made no credibility determinations, this Court may draw its own inferences and arrive at its own conclusions.

*Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1208-09 (Pa. Super. 1993) (citations omitted).

Rim claims that the trial court should have granted his petition to open because service was defective and the court therefore lacked jurisdiction to enter judgment against him. Rim's Brief at 11. He claims that service was improper for two reasons: (1) the person to whom the process documents were given was unidentified by name in the return of service, and (2) Rim did not reside at 2200 Arch Street on March 17, 2015. *Id.* Rim contends that although his petition did not facially state the latter assertion, it is the only logical interpretation of the petition, in which Rim verified that he has never

- 9 -

received process and that he no longer resides at 2200 Arch Street. **See id.** at 12 n.4; Rim's Reply Brief at 4, 7-9. Rim states that he was unable to conduct discovery to support his contentions, "such as taking the deposition of the person allegedly served[,] because they were not identified [in the return of service]." **Id.** at 7. However, Rim argues that the verifications made in his petition to open should be considered conclusive evidence. **Id.**

Rim also attaches to his brief to this Court the copy of a residential lease. The lease purports to rent the premises at issue, 2200 Arch Street, Unit 907-08, to another person from August 1, 2014, through July 31, 2016. Rim contends that this Court may consider the lease as evidence because, when deciding a petition to open, "a court can consider facts not before it at the time the judgment was entered." Rim's Reply Brief at 10 (citing **Mother's Rest., Inc. v. Krystkiewicz**, 861 A.2d 327, 336 (Pa. Super. 2004) (*en banc*)). Rim claims that the combination of the factual verifications made in his petition and the lease he now presents to this Court "undermine and contradict" Citizens' allegation that he received proper service at 2200 Arch Street. Rim's Brief at 12, 16.

Furthermore, Rim claims that he did not delay in filing his petition to open. Rim contends that he was not aware of the instant foreclosure matter until the filing of the Nationstar action on June 5, 2015. Rim's Brief at 21.[11]

---

[11] Rim asserts that the earliest *evidence* that he had notice of the instant action is as of July 16, 2015, although he does not actually allege that he did not know of the action until that date. **See** Rim's Brief at 21.

Rim claims that the lapse between this date and the filing of his petition to open, a total of 4 months and 8 days, is excused by the time it took him to contact counsel for Citizens, acquire his own counsel, and file the petition. **Id.** He claims that "a period of just over three months[12] should be considered timely in a mortgage foreclosure action in align[ment] with past decisions and in equity considering the valuable property at stake." **Id.** at 23.

Finally, Rim contends that he has meritorious defenses to the mortgage foreclosure action. He claims these defenses "include but are not limited to being properly served, challenging the averment of default, denying receiving the Act 91 notice, and denying whether [Citizens] hold[s] the original [mortgage] note." Rims' Brief at 25-26. Although he did not attach a copy of a proposed answer or proposed preliminary objection to his petition to open, Rim claims that this flaw is not fatal because this would be an "overly strict" interpretation of Rule 237.3. **Id.** at 26-27 (citing **Stauffer v. Hevener**, 881 A.2d 868, 869 (Pa. Super. 2005)).

Our analysis of whether the trial court erred or abused its discretion in denying the petition to open is guided by the following:

> Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the

---

[12] As noted above, the petition to open was filed approximately three months after Rim contacted Citizens' counsel via e-mail, which is the earliest "evidence" of notice of the instant petition.

- 11 -

judgment must show a meritorious defense. However, **where the party seeking to open a judgment asserts that service was improper, a court must address this issue first** before considering any other factors. If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. In making this determination, a court can consider facts not before it at the time the judgment was entered.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 919 (Pa. 1997) (citations omitted, emphasis added); *accord Century Sur. Co. v. Essington Auto Ctr., LLC*, 140 A.3d 46, 54 (Pa. Super. 2016). "If, however, the court concludes that proper service was made, it must then consider all three parts of the tripartite test in the light of all of the circumstances and equities of the case before deciding whether to open the judgment." *Am. Exp. Co. v. Burgis*, 476 A.2d 944, 951 (Pa. Super. 1984). If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 178 (Pa. Super. 2009); *see also McFarland v. Witham*, 544 A.2d 929, 930–31 (Pa. 1988) (failure to provide justifiable explanation for failing to respond to complaint in a timely manner was sufficient basis to deny petition); *US Bank N.A. v. Mallory*, 982 A.2d 986, 996–97 (Pa. Super. 2009) (affirming denial of petition to open without needing to analyze third prong of test).

Rule 402 of the Pennsylvania Rules of Civil Procedure provides that original process may be served by handing a copy "at the residence of the defendant to the clerk or manager of the . . . apartment house . . . at which

he resides." Pa.R.C.P. 402(a)(2)(ii). Rule 405 mandates that the return of service "shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made." Pa.R.C.P. 405(b). But where a return of service fails to specifically identify by name the person served, that failure alone does not necessarily invalidate the service. **See Pincus v. Mut. Assur. Co.**, 321 A.2d 906, 910 (Pa. 1974); **accord Podolak v. Artisan's Valve Repair, Inc.**, 470 A.2d 567, 568 (Pa. Super. 1983); **see also Miller v. Carr**, 292 A.2d 423, 425 (Pa. Super. 1972).[13]

Whether process was delivered to the appropriate person and place under Rule 402 is dispositive on the issue of whether service was sufficient to invoke the trial court's jurisdiction. **See Anzalone v. Vormack**, 718 A.2d 1246, 1248 (Pa. Super. 1998). A defendant may attack service with an allegation that the person served was not the actual clerk or manager of the residence or that the residence served was not the actual residence of the defendant. **Id.** at 1249. The defendant bears the burden to prove such allegations through depositions or extrinsic evidence. **Id.**; **see also Burgis**, 476 A.2d at 950. ("[A]s to whether sufficient evidence was produced to establish that the 'adult' [indicated in the return of service] was actually in charge of [the defendant's] residence, we note that it is [the defendant's]

---

[13] Failure to identify an individual by name does not render a return of service defective, and an actual defect in a return of service would not ordinarily divest a court of jurisdiction if the fact of service could be established. **See Cintas**, 700 A.2d at 918.

burden to prove otherwise. Here, [the defendant] has fallen short of establishing such a negative"); ***Am. Vending Co. v. Brewington***, 432 A.2d 1032, 1035 (Pa. Super. 1981) (service deemed proper where the record was devoid of any extrinsic evidence to buttress the defendants' testimony that the "adult female" indicated in the return of service was not in charge of defendants' residence).

As a prefatory matter, we address Rim's request that this Court consider, for the first time on appeal, a lease that purportedly establishes he did not reside at 2200 Arch — evidence which was not presented to the trial court. Rim misunderstands the import of our decisions stating that "a court can consider facts not before it at the time the judgment was entered." ***See*** Rim's Reply Brief at 10 (quoting ***Mother's Rest., Inc.***, 861 A.2d at 336); ***see also Cargitlada v. Binks Mfg. Co.***, 837 A.2d 547 (Pa. Super. 2003) (in resolving a petition to open, the trial "court may consider matters *dehors* the record"). Those decisions do not authorize Rim to introduce, for the very first time on appeal, evidence that was never presented to and made part of the trial court's record; rather, they confirm that the **trial court's** scope of review over a petition to open a judgment is not limited to the record that existed at the time judgment was entered and that the **trial court** is permitted to consider extra-record evidence in support of a petition to open. ***See Cintas***, 700 A.2d at 919 (a petition to open judgment is appropriate where a party "seeks to challenge the truth of factual averments in the record at the time judgment was entered").

In this case, the trial court would have been permitted to consider the lease as evidence if it had been provided to that court in support of Rim's petition to open. But because the lease was not provided for consideration by the trial court, we lack the authority to review it on appeal. **See Temple Univ. v. Zoning Bd. of Adjustment of Cheltenham Twp.**, 199 A.2d 415, 417 (Pa. 1964) ("appellant has violated the time-honored rule that evidence not introduced in the court below cannot now be submitted on appeal."); **see also Nevling v. Natoli**, 434 A.2d 187, 188 n.1 (Pa. Super. 1981). We therefore will not consider the lease.

Putting the lease aside, we turn to whether the trial court correctly considered the evidence of record. The trial court denied Rim's petition to open after concluding that service of the mortgage foreclosure complaint was not defective. In doing so, it examined the allegations in the petition to open and the averments pleaded by Citizens in the response, pursuant to Rule 206.7. First, the court found that Rim's petition admitted that "[s]ervice of the [c]omplaint was made . . . on March 17, 2015[,] on a 'manager/clerk [of] place of lodging in which [Rim] resides," **see** Mot., 10/13/15, at ¶ 1, and that this was a proper form of service under Pa.R.C.P. 402(a)(2)(ii). **See** Trial Ct. Op. at 9. Next, the court noted that the petition to open does not actually allege that Rim did not reside at 2200 Arch Street on March 17, 2015, the date of service. **Id.** at 6. The trial court also found that —

> . . . despite being provided the opportunity to conduct discovery
> to support his claim, which was refuted by [Citizens'] Response,
> [Rim] did not. Absent creating such a record, [Citizens'

r]esponse that service was made on [Rim] at his residence is deemed admitted. **See** Pa. R.C.P. 206.7(c).

. . .

[O]nce [Citizens] timely filed an Answer to [Rim]'s Petition, the burden shifted to [Rim] to rebut [Citizens'] averments of fact with the requisite pleading and/or discovery necessary.

. . .

[Rim] for his part inexplicably neglected to avail himself of the opportunity to take depositions on the issue of service and/or other such discovery to attempt to rebut any of [Citizens'] averments of fact. Thus, in accordance with Pa. R.C.P. 206.7, the [c]ourt properly deemed admitted [Citizens'] averments that it effectuated service of original process upon [Rim] under the applicable rules of civil procedure. Based on [Rim]'s failure to rebut [Citizens'] averments with the requisite evidence and guided by Pa. R.C.P. 206.7's burden[-]shifting paradigm, the Court properly determined that [Rim] was properly served the Complaint on March 17, 2015, and lacked a reasonable explanation or excuse for his default.

**Id.** at 8, 11, 12.[14]

We agree with the foregoing and discern no abuse of discretion by the

trial court. Citizens' response made averments of material fact – namely that

2200 Arch Street was Rim's residence on the date of service (despite Rim's

_____

[14] The trial court also concluded that because Rim was attacking the validity of service, he should have filed a petition to strike the default judgment rather than a petition to open. **See** Trial Ct. Op. at 6. However, Rim attacks the factual averments in the return of service, rather than the validity of the return on its face. Where, as here, "a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment." **Cintas**, 700 A.2d at 919; **see also Podolak**, 470 A.2d at 568 n.2 (the answer to the question of whether the person served was actually in charge of defendant's place of business does not typically appear on the face of the record and therefore provides grounds for opening a default judgment rather than striking judgment).

effort to skirt around this issue in his petition to open by claiming only that he "no longer" lived there) and that the process documents were given to the manager of that residence. Following that response, Rim failed to conduct discovery or provide evidence to the trial court contradicting Citizens' averments of fact. Rim did not adduce any evidence attesting to his actual residence on March 17, 2015.[15] Nor did Rim attempt to depose the process server or anyone at 2200 Arch Street who could have potentially testified regarding whether the process documents were handed to the wrong individual. Based on the record before it and the evidentiary burden borne by Rim, **see Anzalone**, 718 A.2d at 1248, and Pa.R.C.P. 206.7(c), the trial court correctly concluded that 2200 Arch Street was Rim's actual residence on March 17, 2015, that process was handed to the manager of that address, and that service was not defective. **See Burgis**, 476 A.2d at 950; **Brewington**, 432 A.2d at 1035.

As we find that the trial court did not err in concluding that service was proper and that it had jurisdiction to enter a default judgment against Rim, we consider the merits of Rim's petition to open within the three-factor framework. **See Burgis**, 476 A.2d at 951. For ease of disposition, we begin with the second factor, which requires that Rim explain his failure to file a timely answer to the foreclosure complaint. **See Cintas**, 700 A.2d at 919. "Whether an excuse is legitimate is not easily answered and depends upon

---

[15] Rim has yet to definitively identify his purported address on that date.

the specific circumstances of the case." ***Castings Condo. Ass'n, Inc. v. Klein***, 663 A.2d 220, 223-24 (Pa. Super. 1995) (citation omitted).

Rim's only explanation is that he did not receive actual notice of the instant foreclosure action until the Nationstar action was filed, which was after the default judgment was entered against him. The trial court concluded that Rim in fact received proper service in March 2015 and therefore lacked a reasonable explanation or excuse for his failure to respond. Trial Ct. Op. at 12. Because Rim has not supplied any record evidence to establish the date by which he received actual notice of the Citizens action, we agree with the trial court's conclusion that Rim has not stated a reasonable explanation or excuse.

As Rim has failed to establish that the trial court lacked jurisdiction or provide a legitimate excuse for his failure to answer, we affirm the order of the trial court denying Rim's petition to open the default judgment. ***See Myers***, 986 A.2d at 178.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017